UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN GERARDO SEVILLA CENTENO,

Petitioner,

v. Case No.: 2:26-cv-02860-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

______________________________________/

## OPINION AND ORDER

Before the Court are Kevin Gerardo Sevilla Centeno's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Sevilla Centeno's reply (Doc. 7).

Sevilla Centeno is a native of Nicaragua who entered the United States with his wife on November 16, 2022. They presented themselves to Customs and Border Protection (CBP), and CBP paroled the couple into the country with instructions to report to Immigration and Customs Enforcement (ICE) within 60 days. He timely filed for asylum, obtained work authorization, and has no criminal record. Sevilla Centeno works in the fishing industry, files federal income tax returns, and has provided the government his fixed address. On June 18, 2026, ICE arrested Sevilla Centeno during a traffic stop because of

his immigration status. On July 9, 2026, Immigration Judge Jennifer Mazza denied bond with this generic order:

> Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006) and Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020).

(Doc. 6-1 at 12). On September 4, 2026, Immigration Judge Frank Pimentel ordered Sevilla Centeno removed to Nicaragua. Sevilla Centeno appealed the removal order, so it is not administratively final.

Sevilla Centeno claims his detention violates the Fifth Amendment because the bond hearing did not involve an individualized assessment of the relevant facts. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Mazza's discretion. But Sevilla Centeno also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Mazza's discretion.

The government also argues Sevilla Centeno failed to exhaust administrative remedies because he did not appeal the bond denial to the Board of Immigration Appeals. That would be the appropriate means of seeking review of Judge Mazza's discretionary bond decision, but exhaustion is not required here because the immigration courts cannot consider Sevilla

Centeno's constitutional claim. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

Because Sevilla Centeno's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's

constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Mazza's denied bond without identifying any reason to believe he is a flight risk or a danger to the community, and without regard to the favorable evidence he submitted. The bond order is a generic denial that does not reference any evidence, and the recording of the hearing confirms that Judge Mazza's oral ruling likewise included no reasoning or justification. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Sevilla Centeno's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Kevin Gerardo Sevilla Centeno's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Sevilla Centeno and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record